

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 3:25-CR-169 |
| v. | Counts 1-2: Distribution of Cocaine (21 U.S.C. § 841(a)(1)) |
| LIONEL LEO HARDY, | Count 3: Possession of Cocaine and Methamphetamine Hydrochloride with the Intent to Distribute (21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii)) |
| *Defendant.* | Count 4: Possession of a Firearm by a Prohibited Person (18 U.S.C. § 922(g)(1)) |
| | **18 U.S.C. § 924(e) NOTICE** |
| | **FORFEITURE NOTICE** |

**INDICTMENT**

**December 2025 Term – at Richmond**

**Count One**
*(Distribution of Cocaine)*

THE GRAND JURY CHARGES THAT:

On or about January 15, 2025, in Blackstone, Virginia, within the Eastern District of Virginia, the defendant, LIONEL LEO HARDY, did knowingly, intentionally, and unlawfully distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1).)

## Count Two
*(Distribution of Cocaine)*

THE GRAND JURY FURTHER CHARGES THAT:

On or about January 22, 2025, in Blackstone, Virginia, within the Eastern District of Virginia, the defendant, LIONEL LEO HARDY, did knowingly, intentionally, and unlawfully distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1).)

## Count Three
*(Possession of Cocaine and Methamphetamine Hydrochloride with the Intent to Distribute)*

THE GRAND JURY FURTHER CHARGES THAT:

On or about January 28, 2025, in Blackstone, Virginia, within the Eastern District of Virginia, the defendant, LIONELL LEO HARDY, did knowingly, intentionally, and unlawfully possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine hydrochloride, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii).)

## Count Four
*(Possession of a Firearm by a Prohibited Person)*

THE GRAND JURY FURTHER CHARGES THAT:

On or about January 28, 2025, in Blackstone, Virginia, within the Eastern District of Virginia, the defendant, LIONEL LEO HARDY, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, to wit: a Stoeger, model STR-99, 9-millimeter handgun bearing serial no. T6429-23U02973; a CZ, model P-10, 9-millimeter handgun bearing serial no. G079168; a Ruger, model

Security-9, 9-millimeter handgun bearing serial no. 385-36177; and a Radikal Arms, 12-Gauge shotgun bearing serial no. 21CS-1796; said firearm having been shipped and transported in interstate and foreign commerce.

(In violation of Title 18, United States Code, Section 922(g)(1).)

## NOTICE PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 924(e)

The Grand Jury further alleges that, before the defendant, LIONEL LEO HARDY, committed the offense charged in Count Four, he had sustained at least three convictions for offenses defined in 18 U.S.C. § 924(e)(2) that were committed on occasions different from one another.

## FORFEITURE NOTICE

Pursuant to Federal Rule of Criminal Procedure 32.2(a), the defendant is hereby notified that if convicted of any of the violations alleged in Counts One through Three of this Indictment, he shall forfeit to the United States his interest in any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violations; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

The defendant is also notified that if convicted of the violations alleged in Count Four of the Indictment, he shall forfeit any firearm or ammunition used in or involved in any knowing violation of the offense charged.

(In accordance with 18 U.S.C. § 924(d)(1), 21 U.S.C. § 853(a) and 28 U.S.C. § 2461(c).)

A TRUE BILL

_____
FOREPERSON

Pursuant to the E-Government Act,
the original of this page has been filed
under seal in the Clerk's Office

Lindsey Halligan
United States Attorney and Special Attorney

Todd W. Blanche
Deputy Attorney General

Robert K. McBride
First Assistant United States Attorney

By: _____
John C. Blanchard
Assistant United States Attorney

4